UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID PILLATOS,

        Plaintiff,

v.

CAPT. MARVIN SPENCER, *et al.*,

        Defendants.

Case No. C07-5399 FDB/KLS

ORDER DENYING PLAINTIFF'S MOTIONS TO IMPEACH AND ORDER STRIKING DECLARATION

    Before the court is Plaintiff's "motion to impeach for false statements and collaboration" (Dkt. # 38), "supplement to motion to impeach" (Dkt. # 51) and the Declaration of Alecia Pillatos (Dkt. # 50) filed in connection with Defendants' pending motion for summary judgment. (Dkt. # 27). Plaintiff seeks enforcement of the "perjury laws of the state of Washington" against two individuals whose affidavits were submitted in support of Defendants' pending motion for summary judgment. (Dkt. # 27).

    Plaintiff's motions are improper, unsupported and unverified. To the extent Plaintiff wishes to oppose Defendants' motion for summary judgment, he is reminded that Rule 56 of the Federal Rules of Civil Procedure must be followed:

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

ORDER
Page - 1

*See, e.g., Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).

Rule 56 requires that supporting and opposing affidavits shall be made on personal knowledge. Alecia Pillatos has no authority to represent Plaintiff in this matter or to attest to matters on his behalf. She is not authorized to appear in this Court.

ACCORDINGLY, it is **ORDERED**:

(1)  Plaintiff's motion to impeach (Dkt. # 38) is **DENIED**;

(2)  The Declaration of Alecia Pillatos is **STRICKEN**; and

(3)  The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this lst day of July, 2008.

Karen L. Strombom
United States Magistrate Judge